Dickerson v. Beardsley and another.

manded by the complaint. This, he contended, was such an irregularity as precluded the plaintiff from taking judgment.

*Dickerson*, in reply, contended that the Code was only directory as to the form of the summons, and that the plaintiff had an option to use either form of summons.

---

## SUPREME COURT—SPECIAL TERM.

SEPTEMBER, 1848.

Before EDMONDS, Justice.

---

### DICKERSON v. BEARDSLEY AND ANOTHER.

Time to answer after amendment.

After service of summons and complaint, plaintiff served an amended complaint, and, at the end of twenty days from the time of such service, signed judgment. On motion to set aside the judgment, *held*, that the defendant had twenty days from the service of the amended complaint to answer or demur thereto.

AFTER service of the copy of complaint in this action, and before the defendants' time to answer expired, and before any

answer had been put in, the plaintiff served an amended complaint. At the expiration of the period of twenty days from the time of the service of the first copy of the complaint, the defendants not having put in any answer, the plaintiff signed judgment; a motion was now made to set that judgment aside.

*J. A. Millard,* for the motion. The judgment was signed too soon. · Section 125 of Code provides for the case of an amended complaint, and gives the defendant twenty days to answer after the amendment.

*H. Brewster, contra.* The judgment was not signed too soon. Section 125 of the Code does not apply to this case. Section 125 of the Code is under the chapter of the Code specially relating to demurrers, and must be read in conjunction with section 124. It only applies in cases where there has been a demurrer to the complaint, and the plaintiff amends after the demurrer. In this case there was no demurrer. · Section 148 is the section of the Code applicable to this case; it provides that the amendment may be made " without ' prejudice to the proceedings already had." The proceedings already had in this case, were the service of the summons and the copy complaint, and the service of the amended complaint did not prejudice the plaintiff's right to an answer within twenty days of the service of the summons. The time of the service of the complaint is immaterial, because the defendant is to answer within twenty days of the service of the summons, irrespective of the time of serving the complaint. (Section 107.) It is not necessary to serve a fresh summons with an amended complaint, and none was served; therefore, the summons served with the complaint was still existing, and its requirements should have been fulfilled by the defendants. The defendants might have obtained further time to answer.

*Edmonds, J.:* In this case the complaint was amended after service, and before the expiration of twenty days from

the time the amended complaint was served, the plaintiff signed judgment. I think the defendant had twenty days after service of the amended complaint to answer or demur thereto, and that the judgment entered by default, at the expiration of the twenty days from the service of the first complaint, and before the expiration of the twenty days from the service of the amended complaint, was irregular, and must be set aside for irregularity, being signed too soon.

Order to set aside judgment.